[Cite as *Toledo v. Byrd*, 2018-Ohio-2986.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Toledo

Appellee

v.

Tierra B. Byrd

Appellant

Court of Appeals No. L-17-1175

Trial Court No. CRB-16-16972

**DECISION AND JUDGMENT**

Decided: July 27, 2018

* * * * *

David Toska, City of Toledo Chief Prosecutor, and
Henry Schaefer, Assistant Prosecutor, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Tierra Byrd, appeals the judgment of the Toledo Municipal Court, following a bench trial, which convicted her of one count of criminal damaging, in violation of R.C. 2909.06, a second-degree misdemeanor. For the reasons that follow, we affirm.

# I. Facts and Procedural Background

{¶ 2} On November 20, 2017, appellant arrived at the home of Jamella Tatum sometime in the early afternoon. Tatum resided at the home with Kiel Shuler, the father of appellant's daughter. Appellant was attempting to pick up her daughter, who was with Shuler at the time, amidst potential concerns from Lucas County Children's Services that the daughter was being physically abused.

{¶ 3} Tatum and Shuler testified that appellant and three other people arrived at the house, and started banging on the glass screen door. Tatum testified that she heard a loud bang, and heard appellant yelling for her to come outside. Tatum called 911, and while on the phone observed appellant kicking and hitting the door, and tugging on the door handle. At one point, Tatum heard a loud boom, and witnessed appellant break the top part of the door, and the knob part of the door. Tatum also testified that where the door was screwed in was also broken. Tatum summarized that the door was cracked on one side, the top part of the glass was cracked, the door handle had broken off, and the door would no longer shut properly. She further explained that the door was not damaged prior to appellant arriving at the house, and that she did not give appellant permission to damage the door. On cross-examination, Tatum was asked if she had a firearm on her during the incident, which Tatum denied.

{¶ 4} Shuler testified that he heard banging on the door, and went downstairs where the front door was open, but the glass screen door was closed. He observed appellant banging on the rim around the door, and on the door glass. He then closed the

2.

front door, and watched through the window as appellant continued to bang on the top part and kick the bottom part of the screen door. Shuler testified that as a result of the banging, the doorknob popped out such that the door could no longer be opened from the inside.

{¶ 5} Toledo Police Officer Mary Makras also testified for the state. She testified that when she arrived, appellant was back by her car. Tatum showed Makras the damage to the door, but Makras could not recall any damage to the screen door, only that it might have been "off kilter." She did see, however, some plaster and debris down on the porch and inside of the home.

{¶ 6} At the close of the state's case, appellant moved for an acquittal pursuant to Crim.R. 29, which the trial court denied. Appellant then took the stand in her own defense. Appellant testified to a Facebook post from Tatum on November 21, 2017, which stated, "Ain't no fun when a rabbit got a gun. It was all fun and games. Game over." Appellant believed that the Facebook post was an admission by Tatum that she had a gun during the incident and threatened appellant with it. Appellant testified that she did not even go to the door because of Tatum's threat, and that no one she was with went and banged on the door. Appellant denied causing any damage to Tatum's door.

{¶ 7} Following the presentation of evidence, the trial court found appellant guilty. The court continued sentencing for a presentence investigation report to look into the issue of restitution. At the sentencing hearing, the trial court did not award any restitution because Tatum failed to provide any documentation supporting the amount of

3.

damage.  The court then sentenced appellant to 90 days in jail, with those days suspended, and placed appellant on one year of inactive probation.

## II.  Assignment of Error

{¶ 8} Appellant has timely appealed the judgment of conviction, and now asserts one assignment of error for our review:

> I.  Defendant's conviction for criminal damaging was against the manifest weight of the evidence when there were no verified damages, and no restitution was ordered.

## III.  Analysis

{¶ 9} In her assignment of error, appellant argues that her conviction is against the manifest weight of the evidence because Tatum failed to provide any evidence to support her claim for restitution at sentencing that the cost to repair the door was $219.63.

{¶ 10} When reviewing for manifest weight,

> The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.  The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.  *State v. Lang*,

129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596, ¶ 220, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).

{¶ 11} In this case, appellant was convicted of criminal damaging in violation of R.C. 2909.06, which provides, in pertinent part, "(A) No person shall cause, or create a substantial risk of physical harm to any property of another without the other person's consent: (1) Knowingly, by any means."

{¶ 12} In essence, appellant argues that the lack of documentary evidence to establish the cost of the damage to the door for purposes of restitution calls into question whether there was any damage at all, and thus her conviction is against the manifest weight of the evidence. However, post-trial evidence, or the lack thereof, for purposes of determining restitution is irrelevant to the question of guilt, which must be determined solely by the testimony and evidence presented at trial.

{¶ 13} Here, the evidence at trial included the testimony of Tatum and Shuler that appellant was forcefully banging and kicking at the glass screen door, and broke the top of the door and the door handle. Having reviewed the evidence, we agree with the trial court that Tatum and Shuler's version of the events is more credible than appellant's version, in which she did not even approach the door because Tatum was threatening her with a gun. Thus, we hold that the trier of fact did not clearly lose its way when it found beyond a reasonable doubt that appellant knowingly caused or created a substantial risk of physical harm to Tatum's property. Therefore, appellant's conviction is not against the manifest weight of the evidence.

**{¶ 14}** Accordingly, appellant's assignment of error is not well-taken.

### IV.  Conclusion

**{¶ 15}** For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Toledo Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.         _____
                                                                                        JUDGE

Arlene Singer, J.

                                              _____
Christine E. Mayle, P.J.                              JUDGE
CONCUR.

                                              _____
                                                                                         JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.